IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTORIA M. STONE,

    Plaintiff,

v.                                       Civil Action No. PX-17-1221

ANNE M. NICKODEM, M.D., ET AL.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this tort action is the Motion to Dismiss for lack of diversity jurisdiction filed by Defendants Dr. Anne Nickodem and Aesthetically Yours, the business owned by Nickodem (ECF No. 3). The Court has reviewed the Complaint filed by Plaintiff Victoria Stone (ECF No. 1), the motion, Stone's response in opposition (ECF No. 4), and the Defendants' reply (ECF No. 5), and has determined that no hearing is necessary. The Court now rules pursuant to Local Rule 105.2 and GRANTS the motion to dismiss.

**I.     Background**

Stone, a citizen of Virginia, brought this action against Nickodem and her business, Aesthetically Yours, alleging medical malpractice on the basis of two surgeries Nickodem performed on Stone. ECF No. 1 at 1, ¶ 1. Stone purports to bring claims for medical malpractice (Count I), "Res Ipsa Loquitur" (Count II), and "Informed Consent" (Count III). Nickodem, who does business as Aesthetically Yours, maintains offices in Maryland as well as Virginia. ECF No. 1 at 1–2. Although Stone does not allege in her

Complaint where her surgeries took place, she asserts in her response that they occurred in Washington, D.C. ECF No. 4 at 1.

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that diversity jurisdiction is lacking because Plaintiff and Defendant Nickodem are Virginia citizens. ECF No. 3, ECF No. 3-1 at 1. The motion further argues that because "Aesthetically Yours" is Nickodem's trade name, it is not a separate legal entity susceptible to suit. ECF No. 3-1 at 1–2. Stone opposes the motion and argues that transfer to the United States District Court for the District of Columbia is alternatively proper if this Court lacks jurisdiction. *See* ECF No. 4 at 1.

**II.     Standard**

Diversity jurisdiction is proper only where the parties are citizens of different states. 28 U.S.C. § 1332(a); *see James G. Davis Const. Corp. v. Erie Ins. Exchange*, 953 F. Supp. 2d 607, 609 (D. Md. 2013). Diversity must be "complete," which is to say, no plaintiff may be a citizen of the same state as *any* defendant. *Id.* "A person is a citizen of a state only if she is a citizen of the United States and a domiciliary of that state." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017). Domicile is determined by presence in a state with intent to remain. *See id*. "Ordinarily an individual's citizenship will be determined by his place of residence." *Sligh v. Doe*, 596 F.2d 1169, 1171 n.5 (4th Cir. 1979).

"Citizenship, like the other ingredients or elements of diversity jurisdiction (such as the amount in controversy, residence of the parties, principal place of business of a corporation), presents a preliminary question of fact to be determined by the trial court."

*Id.* at 1171 (notes omitted). "The burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

When a party moves to dismiss under 12(b)(1), the Court acts as a fact-finder "for the limited purpose of assessing disputes over allegations critical to establishing subject matter jurisdiction." *James G. Davis Const. Corp.*, 953 F. Supp. 2d at 609. Where, as here, the facts relevant to the determination of the Court's subject-matter jurisdiction are not "inextricably intertwined" with merits of the plaintiff's tort claim, "[t]he district court is authorized to resolve factual disputes in evaluating its subject matter jurisdiction." *Al Shimari v. CACI Premier Tech., Inc.*, 840 F.3d 147, 154 (4th Cir. 2016). The Court may consider "pleadings, affidavits, depositions, and even hear testimony" to determine the existence of subject-matter jurisdiction. *James G. Const. Davis Corp.*, 953 F. Supp. 2d at 609. "A 12(b)(1) motion should be granted if, after engaging in any necessary fact-finding, the court determines that the movant is entitled to judgment as a matter of law." *Demetres*, 776 F.3d at 272.

### III. Discussion

#### A. Diversity Jurisdiction

Stone's Complaint states only that Nickodem is licensed to practice medicine in Maryland. ECF No. 1 at 1. The Complaint is silent as to Nickodem's residence and domicile. *See generally* ECF No. 1. Nickodem, however, attests in a sworn affidavit that she is a resident of Virginia, and has been since 1989. ECF No. 3-2. Stone, in response, provides the Court a printout of the Maryland Board of Physicians website showing that Nickodem is licensed to practice medicine in Maryland. ECF No. 4-1 at 1. Stone does not dispute that Nickodem is a citizen of Virginia. Instead, she argues that this Court

3

retains jurisdiction because Nickodem's business is located in Maryland and Nickodem individually conducts business in Maryland. ECF No. 4 at 1.[1]

However, licensure to practice medicine in any particular state does not establish that party's *citizenship* for diversity purposes. *Cf. Granite Trading Corp. v. Harris*, 80 F.2d 174, 176 (4th Cir. 1935) (place of residence is *prima facie* domicile unless that residence is consistent with a clearly established intention to retain a permanent residence in another place); *Gambelli v. United States*, 904 F. Supp. 494, 496–97 (E.D. Va. 1995) (in Virginia, domicile is defined as residence with intent to remain). Stone has provided no other evidence to support a finding that Nickodem is a resident of any state other than Virginia. Nor has Stone provided any evidence to suggest that even though Nickodem is a resident of Virginia, her domicile is elsewhere. *Cf. District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."). Thus, the Court finds that Nickodem is a citizen of Virginia which defeats diversity jurisdiction here.

**B. Motion to Transfer**

Stone alternatively argues that this Court should exercise its discretion to transfer this case to the United States District Court for the District of Columbia.[2] 28 U.S.C. § 1631 provides: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been

---

[1] Stone's response mistakenly focuses on the question of personal jurisdiction rather than on the more fundamental question of whether this Court retains subject-matter jurisdiction in the first instance. *See Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560–61 (2017) ("[A] court's subject-matter jurisdiction defines its power to hear cases. . . . [T]he phrase 'court of competent jurisdiction' [is] a reference to a court with an existing source of subject-matter jurisdiction." (internal citations omitted)).

[2] Stone mistakenly refers this Court to 28 U.S.C. § 1406(a) which allows transfer to cure improper venue. Venue is not at issue here.

4

brought at the time it was filed or noticed." This Court cannot entertain Stone's request. Contrary to what Stone suggests, the lack of complete diversity deprives *any* federal court of subject-matter jurisdiction in this case. Because this case could not have been brought in the court to which Stone seeks transfer, the request is denied.

**IV.    Conclusion and Order**

Because Stone and Nickodem are both citizens of Virginia, this Court lacks subject-matter jurisdiction, as would any federal district court. *See* 28 U.S.C. § 1332. Therefore, it is this 10th day of January, 2018, ORDERED that:

1. The Motion to Dismiss filed by Defendants ANNE M. NICKODEM, M.D. and ANNE M. NICKODEM D/B/A AESTHETICALLY YOURS (ECF No. 3) BE, and the same hereby IS, GRANTED;

2. The Complaint filed by Plaintiff VICTORIA M. STONE (ECF No. 1) BE, and the same hereby IS, DISMISSED;

3. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties;

4. The Clerk is directed to CLOSE this case.

| 1/10/2018 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |